IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

PAULINE RUTH GRAHAM                                                    PLAINTIFF

V.                                    NO. 13-6095

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration              DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Pauline Ruth Graham, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

I.   **Procedural Background:**

Plaintiff protectively filed her current applications for DIB and SSI on March 18, 2010, alleging an inability to work since April 12, 2010, due to chronic obstructive pulmonary disease (COPD), brain lesion, degenerative joint disease in back, liver failure,[1] seizures, pancreatitis, and severe headaches. (Tr. 49-50, 83, 371-374). An administrative hearing was held on February 28, 2012, at which Plaintiff appeared with counsel and testified. (Tr. 382-423).

---

[1] At the administrative hearing, Plaintiff testified that she was referring to her Hepatitis C when she stated she had liver failure. (Tr. 393).

By written decision dated July 23, 2012, the ALJ found that Plaintiff had an impairment or combination of impairments that were severe - COPD, degenerative joint disease in the lumbar and thoracic spine, chronic pancreatitis, obesity, seizures, and headaches. (Tr. 15). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 17). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to:

> lift and carry 20 pounds occasionally and 10 pounds frequently. She can stand and/or walk for six hours and sit for six hours with normal breaks in an eight-hour workday. She must avoid concentrated exposure to fumes, dust, odors, poor ventilation, and extreme heat and cold. She must avoid concentrated exposure to hazards and should not work around machinery, heights, motor vehicles, and firearms.

(Tr. 18). With the help of the vocational expert (VE), the ALJ determined that Plaintiff was unable to perform any past relevant work, but that there were other jobs Plaintiff would be able to perform, such as helper/laborer and hand packer/hand bander. (Tr. 21-22).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on July 23, 2013. (Tr. 5-8). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 11, 16).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.     Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by

substantial evidence on the record as a whole. Ramirez v. Barnard, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnard, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial

gainful activity since filing her claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

### III. Discussion:

Plaintiff argues that the ALJ erred in assessing Plaintiff's RFC and in his credibility findings. More specifically, Plaintiff argues that the ALJ: failed to consider other limitations related to confusion, memory loss, and blackouts; failed to evaluate the severity of Plaintiff's chronic pancreatitis; erred by discrediting Plaintiff and her physician and finding Plaintiff could perform light work; and erred in discrediting Plaintiffs' chronic pain related to chronic severe headaches, chronic pancreatitis, chronic back pain, chronic right knee pain, neuropathy and muscle spasms. (Doc. 11).

#### A. Credibility Findings:

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not

discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

In his decision, the ALJ found that although Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, Plaintiff's statements concerning the intensity, persistence and limiting effects of the symptoms were not credible to the extent they were inconsistent with his RFC assessment. (Tr. 19). The ALJ then proceeded to point out various inconsistencies in the record regarding her employment history, her treatment for seizures and noncompliance with medication, and reports of symptoms. (Tr. 19-20). He concluded that reports of symptoms suggested that her seizures were intermittent and adequately controlled with prescribed treatment such that Plaintiff would be able to work at the RFC if she were complaint. (Tr. 20). The ALJ also discussed Plaintiff's other impairments and treatments received, including her pancreatitis and problems with breathing. (Tr. 20). The ALJ discussed Plaintiff's reports of daily activities, noting that she reported no problem with personal care, she prepared her own meals, did light cleaning and small loads of laundry, and shopped in stores. (Tr. 20). The ALJ also discussed the reports of Plaintiff's husband, sister and daughter, and noted the inconsistencies between their statements and Plaintiff's own testimony. The Court believes the ALJ properly considered and discussed the Polaski factors, and believes there is substantial evidence, after considering the record as a whole, to support the ALJ's credibility findings.

### B. RFC Determination:

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

The records support the fact that Plaintiff was non-compliant with her seizure medication. On November 16, 2009, Dr. Roy L. Puen, Plaintiff's treating physician, noted that Plaintiff had not taken her Tegretol for 1 ½ years, but was without a seizure. (Tr. 297). On September 20, 2011, Plaintiff presented herself to St. Joseph's Mercy Health Center, reporting she had two seizures. (Tr. 328). The impression given was subtherapeutic seizure medication level. (Tr. 330). Plaintiff's dosage of Tegretol was increased to 400 mg. (Tr. 330). On February 26, 2012, Plaintiff presented to National Park Medical Center, complaining of having a seizure. (Tr. 344). Upon questioning, Plaintiff revealed that she had not been taking Tegretol compliantly due to its sedating effect and "inability to drive while taking the medication." (Tr. 350). It was reported

that Plaintiff last took her medication three days prior and had a full bottle in her car. (Tr. 350). "Failure to follow a prescribed course of remedial treatment without good reason is grounds for denying an application for benefits." Brown v. Barnhart, 390 F.3d 535, 540-541 (8th Cir. 2004)(citations omitted).

With respect to Plaintiff's pancreatitis, on January 15, 2010, Plaintiff was diagnosed with acute pancreatitis status post endoscopic retrograde cholangiopancreatography, status post laparoscopic cholecystectomy. (Tr. 203). A CT of her abdomen and pelvis revealed:

> nonspecific inflammatory stranding involving the left lateral conal fascia. The sequela of pancreatitis could possibly account for this finding, although the pancreas itself is grosslly [sic] preserved by noncontrast CT.

(Tr. 210). It appears that Plaintiff was taking medication for her pancreatitis, and, as indicated by the ALJ, it does not appear Plaintiff had an acute attack requiring hospitalization since early 2010. (Tr. 20). The ALJ also addressed Plaintiff's other impairments, acknowledging Dr. Puen's seizure and headache questionnaires that he completed. (Tr. 20). The ALJ noted that in the questionnaires, Dr. Puen did not assess any vocational limitations, and that treatment notes documented that headaches were only occasional. Accordingly, the ALJ properly gave Dr. Puen's opinion limited weight. (Tr. 21). The ALJ also considered the Physical RFC Assessment completed on May 24, 2010, by non-examining consultant, Dr. Karmen Hopkins. (Tr. 21). In her assessment, Dr. Hopkins concluded that Plaintiff would be able to perform medium level work with seizure precautions and inhalant precautions. (Tr. 259-266). The ALJ concluded that Dr. Hopkins' opinion reasonably accounted for Plaintiff's headaches, COPD, and seizures, and gave it some weight, but also concluded that the record evidence showing a BMI of as high as 39 and some degenerative joint disease in the spine supported a finding that Plaintiff was more limited

exertionally. (Tr. 21).

With respect to Plaintiff's back pain, as indicated by Defendant, although Plaintiff's physical examination findings revealed some back tenderness and pain, she was reported as having a normal gait, could ambulate independently, and had a normal range of motion in all extremities with equal strength. (Tr. 330, 347, 352, 368).

Based upon the foregoing, the Court finds there is substantial evidence to support the ALJ's RFC determination, and the weight he gave to the various opinions.

## IV.     Conclusion:

Accordingly, having carefully reviewed the record, the Court finds there is substantial evidence to support the ALJ's decision denying the Plaintiff benefits, and thus the decision is hereby affirmed. The Plaintiff's Complaint should be, and is hereby, dismissed with prejudice.

IT IS SO ORDERED this 25th day of July, 2014.

*/s/ Erin L. Setter*
HONORABLE ERIN L. SETTER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)